UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:  HAVENS CORNERS CORPORATION
        Case No. 04-10122

Debtor Employer Tax  I.D. No. 04-3542226

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-16 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 17-25.  If the answer to any question is "None," or the question is not applicable, mark the box labeled "None."  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

DEFINITIONS

    "In business."  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

    "Insider."  The term "insider" includes but is not limited to:  relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101(31).

# United States Bankruptcy Court
### District of Delaware

In re:  **Havens Corners Corporation**, Debtor          Case No.    04-10122 (JBR)

Chapter    11

## DECLARATION CONCERNING DEBTOR'S FINANCIAL AFFAIRS

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, Robert J. Feldman, the Vice President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing Statement of Financial Affairs and that they are true and correct to the best of my knowledge, information and belief.

Date:    March 12, 2004    Signature:  _Robert J. Feldman_

Robert J. Feldman
Vice President

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 1.  Income from Employment or Operation of Business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)

None ☑

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 2.  Income Other than from Employment or Operation of Business

None ☑        State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's
               business during the two years immediately preceding the commencement of this case.  Give particulars.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 3.  Payments to Creditors

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.

None ☐

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID |
|---|---|---|
| See Exhibit 3a (K B Toy of Massachusetts, Inc.) | | |

All disbursements made to creditors for 90 days prior to the commencement of the Chapter 11 case were processed through the Debtors' consolidated and centrally maintained cash management system maintained by KB Toys of Mass., Inc.  Therefore, these payments have been described and presented on the Statement of Financial Affairs of K B Toy of Massachusetts, Inc. (case #04-10128 (JBR)).

None ☐

b.  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.

**Note:**

All payments made to insiders who are officers & directors are reported in SOFA item 23 of K B Toy of Massachusetts, Inc. (Case #04-10128(JBR)).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 4.  Suits and Administrative Proceedings, Executions, Garnishments and Attachments

None  ☑

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.

None  ☑

b.  Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 5. Repossession, Foreclosures and Returns

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 6.  Assignments and Receiverships

None  ☑         a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the
                commencement of this case.


None  ☑         b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year
                immediately preceding the commencement of this case.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 7.  Gifts

None  ☑

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 8.  Losses

None  ☑

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 9.  Payments Related to Debt Counseling or Bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

**Please refer to item SOFA 9 of KB TOYS OF MASSACHUSETTS, INC (Case# 04-10128 (JBR))**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 10.  Other Transfers

None ☑

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 11.  Closed Financial Accounts

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 12.  Safe Deposit Boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 13. Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 14.  Property Held for Another Person

None  ☑                        List all property owned by another person that the debtor holds or controls.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 15.  Prior Address of Debtor

None ☑

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 16.  Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 17.  Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil;, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑   a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑   b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑   c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 18.  Nature, Location and Name of Business

a.  If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

b.  If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

c.  If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner, or owned 5% or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

None ☐

| NAME | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES OF OPERATION |
|---|---|---|---|
| KB Toys (US), Inc. | 100 West Street  Pittsfield, MA 01201 | Retail | December 4, 2000 |

Note:  Unless indicated each of the entities listed above continues in operation.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 19.  Books, Records and Financial Statements

a.  List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of the books.

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| **Robert J. Feldman**<br>100 West St<br>Pittsfield, MA 01201 | Vice President, CFO | January 1999-Present |
| **Darrell Muessner**<br>416 Hidden Valley Ct.<br>Wyckoff, NJ 07481 | Vice President, CFO | January 1998-January 1999 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 19.  Books, Records and Financial Statements

b.  List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| **Steven Jacques** <br> PWC LLP <br> 80 State Street Centre <br> Albany, NY 12207 | Partner | December 2000- Present |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 19.  Books, Records and Financial Statements

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| **Joel Wiest**<br>100 West St<br>Pittsfield, MA 01201 | Vice President, Controller | November 2002-Present |
| **Steven Jacques**<br>PWC LLP<br>80 State Street Centre<br>Albany, NY 12207 | Partner | December 2000- Present |

SOFA 19C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 19.  Books, Records and Financial Statements

None ☑

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by a debtor.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 20.  Inventories

None ☑

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑

b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 21.  Current Partners, Officers, Directors and Shareholders

None ☑

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☐

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls or holds 5 percent or more of the voting securities of the corporation.

| DIRECTOR'S, OFFICER'S OR SHAREHOLDER'S NAME AND/OR ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK |
|---|---|---|
| Michael L. Glazer<br>100 West St., Pittsfield, MA  01201 | Director and<br>President | None |
| Robert J. Feldman<br>100 West St., Pittsfield, MA  01201 | Director and<br>Vice President | None |
| Joel R. Wiest<br>100 West St., Pittsfield, MA  01201 | Vice President , Controller and<br>Assistant Treasurer | None |
| Kenneth A. Grady<br>100 West St., Pittsfield, MA  01201 | Vice President  and<br>Secretary | None |
| David T. Pyne<br>100 West St., Pittsfield, MA  01201 | Treasurer and<br>Assistant Controller | None |
| Charles J. Stengl<br>100 West St., Pittsfield, MA  01201 | Assistant Treasurer | None |
| Scott Z. Hochfelder<br>100 West St., Pittsfield, MA  01201 | Assistant Secretary | None |
| Wm. Gordon Prescott<br>100 West St., Pittsfield, MA  01201 | Assistant Secretary | None |
| KB Acquisition Corporation<br>100 West St., Pittsfield, MA  01201 | NA | Common Stock<br>100% |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 22.  Former Partners, Officers, Directors and Shareholders

None  ☑

a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

None  ☑

b.  If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 23.  Withdrawals from a Partnership or Distributions by a Corporation

None ☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

Refer to item SOFA 23 of K B Toy of Massachusetts, Inc (Case #04-10128 (JBR)).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 24.  Tax Consolidation Group

None  ☐

List the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| PARENT CORPORATION | FEDERAL TAX ID NUMBER | CONSOLIDATED GROUP |
|---|---|---|
| KB Toys, Inc<br>(Fiscal Year 2001 - Present) | 94-3380658 | KB Holdings, Inc. & Subsidiaries (1) |

Note:
(1) Effective February 5, 2003 KB Holdings, Inc. changed its corporate name to KB Toys, Inc.  As of the date of the filing, no tax returns have been filed under the corporate name KB Toys, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: HAVENS CORNERS CORPORATION
Case No. 04-10122 (JBR)

## 25.  Pension Funds

None  ☑     List the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| KB TOYS, INC., *et al.*, | Case No. 04-10120 (JBR)<br>(Jointly Administered) |
| Debtors. | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
METHODOLOGY, AND DISCLAIMER REGARDING
<u>DEBTORS' SCHEDULES AND STATEMENTS</u>**

       The Schedules of Assets and Liabilities and Statements of Financial Affairs ("SOAL" and "SOFA" or the "Schedules and Statements") filed by the 70 individual corporations and limited liability companies (each a "Debtor" and collectively either "KB Toys" or the "Debtors") whose cases are jointly administered under the above-captioned case, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), were prepared pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 by management of the Debtors and are unaudited. The Schedules and Statements remain subject to further review and verification by the Debtors. Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements. The Debtors reserve their right to amend their Schedules and Statements from time-to-time as may be necessary or appropriate. These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference herein, and comprise an integral part of the Schedules and Statements filed by each Debtor, and should be referred to in connection with any review of the Schedules and Statements.

1.    <u>Description of the Cases and "As Of" Information Date</u>. On January 14, 2004 (the "Petition Date"), each Debtor filed a voluntary petition with the Bankruptcy Court for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1330 (the "Bankruptcy Code"). The cases have been consolidated for the purpose of joint administration under case number 04-10120 (JBR). The Debtors are currently operating their businesses as debtors-in-possession pursuant to the Bankruptcy Code. Each Debtor's current fiscal year ended on January 31, 2004. All data and information contained in the Debtors' Schedules and Schedules and Statements is as of the close of business on January 13, 2004, unless otherwise noted.

2.    <u>Basis of Presentation</u>. For financial reporting purposes, the Debtors prepare consolidated financial statements that are audited annually. The Schedules and Statements are unaudited and reflect the Debtors' best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting

Principles in the United States ("GAAP"), nor are they intended to fully reconcile to the financial statements.

3.     <u>Book value</u>.  Unless otherwise noted, each asset and liability listed on the Schedules and Statements is shown on the basis of the net book value recorded in the applicable Debtor's books and records and not its current market value.

4.     <u>Summary of Significant Reporting Policies</u>.  Except for KB Online Holdings LLC and KB Holdings, LLC, the Debtors' books and records are substantially maintained on a consolidated basis for balance sheet purposes.  As such, financial data is generally neither recorded nor maintained for accounting or reporting purposes on a legal-entity basis.

KB Online Holdings LLC and KB Holdings, LLC, maintain separate books and records.

Each of the Debtors made its best effort to report asset, liability, disbursement and other information on the appropriate Debtor's Schedules and Statements.  However, except for KB Online Holdings LLC and KB Holdings, LLC, the following qualifications and limitations apply to each Debtor's Schedules and Statements:

     a.   For many assets and asset classifications, a physical location code is included and maintained in the Debtors' accounting and financial systems.  For assets or asset classifications for which a location code is available, such assets or asset classifications are reported on the appropriate Debtor's Schedules and Statements.  For assets or asset classifications for which no location code is available, such assets or asset classifications are reported on the Schedules and Statements of KB Toy of Massachusetts, Inc.

     b.   The Debtors maintain information for most liabilities, notably the trade and non-trade accounts payable, in a centralized accounts payable system on behalf of all Debtors.  Therefore, trade and non-trade balances are reported on the Schedules and Statements of KB Toy of Massachusetts, Inc.  However, those liabilities for which the Debtors could determine with a reasonable degree of certainty that a Debtor other than KB Toy of Massachusetts, Inc. is liable are reported on such other Debtor's Schedules and Statements.  All such instances are duly noted and referenced on the specific Schedule or Statement.

     c.   Disbursement information is maintained through a centralized and consolidated cash management system on behalf of all Debtors.  Therefore, all disbursement information is reported on the Schedules and Statements of KB Toy of Massachusetts, Inc.  However, those disbursements that the Debtors could determine were made by or on behalf of a specific Debtor with a reasonable degree of certainty are reported on such Debtor's Schedules and Statements.  All such instances are duly noted and referenced on the specific Schedule or Statement.  The Debtors' checks have the name KB Toy of Massachusetts, Inc. printed on them.  However, the account on which such checks are drawn is in the name of Kay-Bee Toy & Hobby Shops, Inc.

In addition, the Debtors adopted the following conventions in the preparation of the Schedules and Statements:

a.  <u>Cash and bank account balances</u>.  Cash on hand, as reported on Schedule B-1, includes: i) petty cash; and ii) operating funds for each retail location operated by the Debtors.  Accounts maintained at the financial institutions reported on Schedule B-2 include deposits that have been swept into the main concentration account maintained by Fleet Bank.  In many instances, numerous retail locations operated by various Debtors utilize the same depository account.  As a result, most bank account balances are reported on the Schedules of KB Toy of Massachusetts, Inc.  The bank accounts itemized in Schedule B-2 to the Schedules and Statements do not identify a number of subaccounts which are maintained in connection with the listed accounts.  Funds held in the subaccounts as of the Petition Date are included in the balances shown for the itemized accounts.  A complete list of the subaccounts was included as an exhibit to the "Motion of Debtors for Order Authorizing Continued Use of Existing Bank Accounts, Centralized Cash Management System, and Business Forms, and Waiving on an Interim Basis the Deposit and Investment Requirements Under Bankruptcy Code Section 345" which was filed with the Bankruptcy Court on January 14, 2004.

b.  <u>Interest in subsidiaries</u>.  "Schedule B – Personal Property" lists ownership interests, if any, that each Debtor has in subsidiaries and partnerships.

c.  <u>Inter-company transfers and balances</u>.  The Debtors use inter-company accounts to record transactions between two Debtors. These transactions are used to record the payment for and transfer of inventory, the charging for and payment of license fees for the use of trademarks, copyrights and other intellectual property, the procurement of goods and services by one Debtor on behalf of another, to transfer funds between Debtors and to charge a Debtor for the cost of capital.  The Debtors have not itemized ordinary course inter-company transfers in the Schedules and Statements.  The Debtors have, however, included inter-company obligations on Schedule F or Schedule B-15 - Accounts Receivable, as appropriate.

d.  <u>Inventories</u>.

(i)  <u>Merchandise Inventory</u>.  The Debtors maintain their books and records for inventory on a FIFO basis.  The Debtors maintain a unit inventory system, which contains location-level data that was used to calculate and estimate inventory values at a location and by Debtor.  The inventory estimates exclude the following: damaged and defective goods, LIFO reserve, shrink reserve, aged-inventory adjustment and any asset impairment reserves.  Inventory in transit, typically made up of goods shipped from overseas, as of the Petition Date is estimated to be $9.6 million.  This in-transit inventory is listed on Schedule B-28 of KB Toy of Massachusetts, Inc.

(ii)  <u>Supplies Inventory</u>.  Retail location supplies inventory is stored by the Debtors in their warehouses and distribution centers and shipped to the stores on an as-needed basis.  Although a balance of supplies exists at all times, an estimate of this inventory at the store level is not included in the Schedules and Statements.  Supplies inventory, in aggregate, has been included on Schedule B – Personal Property for KB Toy of Massachusetts, Inc.

(iii) <u>Consignment Inventory</u>.  In the ordinary course of business, the Debtors are in the possession of consignment inventory from certain vendors. Consignment inventory is not carried on the books of the Debtors as an asset. The Debtors estimate the value of the consignment goods, in aggregate, to be approximately $2.8 million.  None of the vendors who supplied goods on consignment filed appropriate UCC filings to protect such goods.  The Debtors believe that as of the Petition Date they became the owners of all consigned goods.  The consigned goods are shown as an asset on Schedule B to the KB Toy of Massachusetts, Inc. Schedules and Statements.  All trade vendors providing consignment inventory have been included on Schedule F – General Unsecured Creditors.

e.  <u>Property and equipment - owned</u>.  As a result of the change in ownership from the sale of the Debtors on December 7, 2000, and in accordance with GAAP Purchase Accounting, all fixed assets in the possession of the Debtors on December 7, 2000 were written-off and removed from the Debtors books and records.  Many of these assets, however, remain in the Debtors' possession even though they have no basis from an accounting perspective.  The Debtors' have kept records of the assets written-off, but have not maintained these records from an accounting perspective.  These assets are not included in the Debtors' Schedules and Statements.

f.  <u>Property and equipment – leased</u>.  In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including furniture, fixtures and equipment, from certain third-party lessors.  Leased property covered by an operating lease is not reflected in the Schedules and Statements as owned property, assets of the Debtors or property or assets of third parties within the control of the Debtors.  Leased property covered by a capital lease is reflected in Schedule A – Real Property and Schedule D – Secured Claims. These assets, however, are not listed in the Schedules and Statements as property or assets of third parties within the control of the Debtors.  All property and equipment lease agreements are considered executory contracts and listed in Schedule G – Executory Contracts.

Nothing in the Statements or Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether it is a true lease or a financing arrangement) and the Debtors reserve all rights with respect to all such items.

g.  <u>Lease obligations</u>.  The Debtors have not included in the Schedules and Statements as a liability the obligations that became due under an operating lease after the Petition Date.  Amounts past due under operating leases as of the Petition Date are included in the Schedules and Statements.

h.  <u>Causes of action</u>.  The Debtors have not set forth causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to any causes of action (whether known or inchoate) that they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

     i.   Schedule D.  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any inter-company agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only to be a summary.
Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

     j.   Schedule E.  The Bankruptcy Court entered a first day order granting authority to the Debtors to pay pre-petition employee wages, salaries, severance, benefits and other obligations in the ordinary course.  The Debtors employed more than 25,000 full-time and part-time employees in the United States, Guam and Puerto Rico, prior to the filing of the Chapter 11 cases.  Accordingly, only employee claims by and against the Debtors for pre-petition amounts that have not been paid as of the time that the Schedules and Statements were prepared by the Debtors, and employee claims for items not authorized to be paid by order of the Bankruptcy Court (such as unpaid severance and deferred compensation balances) have been included in the Schedules and Statements.  The Bankruptcy Court also authorized the Debtors to pay up to $1.4 million of prepetition sales and use taxes.  The Debtors have not itemized in the Schedules and Statements the prepetition sales and use taxes owed to governmental authorities to the extent such claims have been paid as of the date hereof.

     k.   Schedule F.  In the ordinary course of business, the Debtors apply credits against amounts otherwise due to merchandise vendors.  These credits arise because, among other reasons, goods ordered and paid for may not be delivered, goods delivered are damaged or destroyed, goods may be returned, vendors may provide special allowances for purchasing promotional goods, vendors provide volume rebates and cash discounts, and vendors defray qualified advertising expenditures.  As described above, as a result of the Debtors' consolidated accounts payable systems, except for certain creditors specifically associated with certain Debtors, creditors and creditors' claims are reported on the Schedules and Statements of KB Toy of Massachusetts, Inc.  The Debtors reserve all of their rights respecting such credits and allowances.

     The Bankruptcy Court entered a first day order granting authority to honor pre-petition customer programs, including but not limited to the Layaway Program.  Accordingly, neither deposits received from customers nor potential claims by customers have been included in the Debtors' Schedules and Statements.

l.  Schedule G.  While every effort has been made to ensure the accuracy of "Schedule G -- Executory Contracts and Unexpired Leases," inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time-to-time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.

Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.

Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Generally, the following types of contracts have not been itemized in Schedule G: i) stand-alone merchandise purchase orders; ii) agreements that are oral in nature; and iii) other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments, letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements.

The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedule, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.

m.  Co-Debtors.  Each of the Debtors was either a primary obligor of or guarantor of all obligations outstanding under the Credit Agreement dated December 7, 2000, among the Debtors, the Lenders party thereto, Fleet National Bank as Issuing Bank, Fleet Retail Group, Inc. as Administrative Agent and Collateral Agent, Back Bay Capital Funding, LLC as Tranche B Administrative Agent, Heller Financial, Inc. as Documentation Agent, Foothill Capital Corporation as Syndication Agent and Fleet Securities, Inc. as Arranger and the Term Loan Agreement dated as of April 8, 2003 among the Debtors, the Lenders party thereto and Back Bay Capital Funding, LLC. Each of the Debtors was a co-debtor of the others with respect to such obligations.

n.  Returns of Merchandise.  The Debtors in the ordinary course of their business return damaged, recalled and defective merchandise to the manufacturer for credit which is included in either Schedule F or B-15.  The Debtors have not listed returns of damaged and defective merchandise in response to question 5 of the SOFA.  Other returns of merchandise are listed.

6 of 7

5.      Umbrella Agreements.  A number of supplier contracts listed in the Schedules and Statements are umbrella agreements that cover all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella agreement.

6.      Claims.  The Debtors have obtained certain orders of the Bankruptcy Court that authorize the Debtors to pay prepetition obligations to specified creditors.  Except for employee claims and governmental unit claims for sales and use taxes, to the extent set forth above, as well as certain court authorized transportation claims, the amounts set forth in the Schedules are amounts owing as of the Petition Date and before any authorized postpetition payments are applied to such balances.  The amount for which any claim listed on the Schedules may be allowed for any purposes in these cases shall be net of any postpetition payments authorized by the Bankruptcy Court.

7.      Estimates.  To close the books and records of the Debtor as of the Petition Date, management was required to make estimates and assumptions that affect the reported amounts of assets and liabilities as of January 13, 2004 and reported revenue and expenses for the period ending January 13, 2004.

8.      Insiders.  The Debtors have listed all payments made over the twelve (12) months preceding the filing to any person or entity deemed an insider in response to questions 3(b) and 23 of the SOFA.  The payments to insiders who are also employees on account of wages and ordinary course compensation are set forth in response to question 23 of the SOFA.  Included in the payments are gross wages, bonus, reimbursed business expenses, severance, relocation, stock redemptions, directors' fees, employer 401(k) match, loan forgiveness and imputed income.

9.      Agreements Subject to Confidentiality.  In certain instances within the Schedules and Statements, either the names or amounts have been left blank or listed as "Transferee Confidential."  Due to the nature of the agreement between the Debtor and third party, the Debtor has deemed it appropriate to keep the terms and amounts of payment confidential.

10.     Totals.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the tables.

11.     Disputed, Contingent and/or Unliquidated Claims.  Schedules D, E and F permit each of the Debtors to designate a claim as disputed, contingent and/or unliquidated.  A failure to designate a claim on any of these Schedules as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not subject to objection.  The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules as to amount, liability or status.

12.     Payments Related to Bankruptcy.  Payments made by the Debtors related to Bankruptcy advice are listed on KB Toy of Massachusetts, Inc. in response to question 9 of the SOFA.